UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL A. ECHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 2:13-cv-00254-WTL-WGH |
| OFFICER POWERS, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *In Forma Pauperis*, Dismissing Complaint and Directing Entry of Final Judgment**

**I.**

The plaintiff's request to proceed *in forma pauperis* [Dkt. 3] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

**A.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). *Pro se* complaints such as that filed by Carl Echols, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## B.

Plaintiff Echols, an Indiana prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. The names three defendants: 1) Correctional Officers Powers; 2) Correctional Officer Lovelace; and 3) counselor Wells. He alleges that his Eighth Amendment rights, made applicable to state action by interpretation of the due process clause of the Fourteenth Amendment, have been violated.

Plaintiff alleges that he was transferred from Pendleton Correctional Facility ("Pendleton") to Wabash Valley Correctional Facility ("Wabash Valley") on March 21, 2012. He alleges that he was transported with five other offenders from Pendleton to Wabash Valley by Officers Powers and Lovelace in a paddy wagon. The trip took 2 ¾ hours. He alleges that he informed Officer Powers of his having prior back injuries before they left Pendleton, and that Officer Powers placed a chain and black box tightly around his waist which aggravated plaintiff's sciatic nerve. He alleges that he experienced sciatica nerve symptoms including a burning sensation and pain, numbness, and tingling in his left foot, leg and back as a result of having to sit in an awkward position during the trip. He alleges that Officer Powers is liable under a tort claim action as a tortfeasor. He also alleges that Officer Powers was liable as a transportation supervisor with some personal involvement.

Plaintiff alleges that Officer Lovelace helped with the transfer of offenders by paddy wagon. Plaintiff also alleges that Officer Lovelace caused a breakdown in the processing of the plaintiff's request for health care service.

The plaintiff further alleges that he immediately made an informal or formal complaint to counselor Wells upon his arrival at Wabash Valley. Plaintiff alleges that Wells did not want to cooperate in this matter by giving plaintiff a grievance form.

The Court discerns that the claim against Officer Powers is one of excessive force under the Eighth Amendment. To state an Eighth Amendment claim of excessive force, the plaintiff must allege facts sufficient to show that force was employed to maliciously and sadistically cause him harm rather than in a good faith attempt to maintain or restore discipline. *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). The plaintiff has not alleged that Officer Powers' use of force, if any, exceeded the amount necessary to restrain the plaintiff during his transportation from one prison to another. There are no allegations of any conduct that rose to the level of malice or sadistic force.

In addition, to the extent plaintiff alleges that Officer Powers was negligent, he has failed to state a claim upon which relief can be granted. *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even gross negligence is not enough to state a claim under § 1983). The complaint fails to state a claim upon which relief can be granted against Officer Powers and the claims against him are **dismissed.**

The allegations against Officer Lovelace fail to state a claim upon which relief can be granted. Plaintiff does not allege any excessive force on the part of Officer Lovelace, nor does he allege any facts in support of his assertion that Lovelace "caused a breakdown in the request for health care service processing between a serious medical need and a provider." (Complaint at

page 22). The claim against Officer Lovelace is **dismissed** for failure to state a claim upon which relief can be granted.

The claim against counselor Wells is that he did not want to provide a grievance form to the plaintiff. The attachments to the complaint, however, reflect that plaintiff did, in fact, file a grievance concerning the March 21, 2012, incident. In addition, to the extent plaintiff alleges that counselor Wells interfered with plaintiff's ability to file a grievance, such claim fails to state a claim upon which relief can be granted. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) (Aa state=s inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause@). The complaint fails to state a claim upon which relief can be granted against counselor Wells and the claim against him is **dismissed.**

To the extent the plaintiff seeks to bring a state law claim of negligence, because no federal claim has been stated, the Court declines to exercise its supplemental jurisdiction over any other asserted state law claim. 28 U.S.C. ' 1367(c)(3); *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

### III.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008). That is the situation here. The plaintiff has alleged no viable claim against any defendant. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/16/2013

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL A. ECHOLS
866351
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only